NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRAVIS WILLIAMS; AMANDA WILLIAMS, husband and wife, Plaintiffs-Appellees, v. MADISON COUNTY, IDAHO; MADISON COUNTY SHERIFF'S DEPARTMENT, a political subdivision of Madison County, Idaho, Defendants-Appellants. | No. 16-35306 D.C. No. 4:12-cv-00561-JCC-CWD MEMORANDUM[*] |
| TRAVIS WILLIAMS; AMANDA WILLIAMS, husband and wife, Plaintiffs-Appellants, v. MADISON COUNTY, IDAHO; MADISON COUNTY SHERIFF'S DEPARTMENT, a political subdivision of Madison County, Idaho, Defendants-Appellees. | No. 16-35372 D.C. No. 4:12-cv-00561-JCC-CWD |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the District of Idaho

John C. Coughenour, District Judge, Presiding

Argued and Submitted April 10, 2018
Submission Withdrawn and Deferred April 12, 2018
Resubmitted July 3, 2018
Seattle, Washington

Before:   TASHIMA and GRABER, Circuit Judges, and MIHM,[**] District Judge.

Madison County (Idaho) appeals (1) the district court's decision to instruct the jury that Plaintiff Travis Williams had a property right in his employment as a matter of law; (2) the district court's order denying its Rule 50 motion finding that Sheriff Klinger was not an impartial decision-maker in the termination of Plaintiff's employment; (3) the district court's decision denying Madison County's Rule 50(b) motion requesting judgment as a matter of law on Plaintiff's negligent infliction of emotional distress claim and his wife's loss of consortium claim, and to instruct the jury on the claims; (4) the district court's calculation of the award of attorney's fees; and (5) the district court's order finding Madison County in contempt of court for failing to pay the judgment or file a bond within the time set

[**]The Honorable Michael M. Mihm, United States District Judge for the Central District of Illinois, sitting by designation.

by the court. Williams appeals the district court's order awarding him $0 in front pay. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse and vacate in part, and remand.

1.  We review de novo the district court's decision to instruct the jury that Plaintiff had a property right in his employment as a matter of law. See Mockler v. Multnomah County, 140 F.3d 808, 812 (9th Cir. 1998) (applying de novo review of civil jury instructions that misstate the law). We hold that the district court erred by instructing the jury that Plaintiff had a property right in his employment as a matter of law. The record demonstrates Madison County did not waive this issue prior to, or at, trial. Madison County's failure to object to the magistrate judge's report and recommendation did not strip it of its right to appeal. Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012). Madison County also raised the issue in its trial brief and objected to the jury instruction ultimately given by the district court.

Additionally, there is an issue of fact as to whether Plaintiff had a property right in his continued employment, given the many provisions in the personnel manual, including those disclaiming contractual obligations and reserving management rights, and in light of Mitchell v. Zilog, Inc., 874 P.2d 520 (Idaho

3

1994). Accordingly, the judgment for Plaintiff on the procedural due process claim must be vacated, and the claim remanded for further proceedings.

2. Having ruled that the district court erred in giving the instruction, we need not address Madison County's challenge to the district court's order denying its Rule 50 motion. Furthermore, because of our disposition of this claim, the award of attorneys' fees and the order on front pay must be vacated.

3. The district court erred in not dismissing Plaintiff's claim for negligent infliction of emotional distress. Idaho law does not recognize a claim for negligent infliction of emotional distress in the absence of special fragility. Frogley v. Meridian Joint Sch. Dist. No. 2, 314 P.3d 613, 624 (Idaho 2013). The record in this case contains no such evidence. Accordingly, the judgment for Williams must be reversed. For the same reasons, judgment in favor of his wife, Amanda Williams, for her loss of consortium, must also be reversed.

4. Finally, the district court did not abuse its discretion in finding Madison County in contempt for failure to pay the judgment or file a bond within the time set by the court. The record supports the district court's determination that Madison County did not take all reasonable steps to comply with the order requiring it to pay the judgment or file a bond.

**AFFIRMED in part, REVERSED and VACATED in part, and**

**REMANDED.** The parties shall bear their own costs on appeal.